**FILED**

**August 22, 2013**

In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 30121-4-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | OPINION PUBLISHED |
| DAVID AARON SOTO, | ) | IN PART |
| | ) | |
| Appellant. | ) | |

SIDDOWAY, A.C.J. — This case presents a statutory construction issue of first impression: whether a sentencing court has the statutory authority to impose a firearm sentence enhancement on a defendant's sentence for conviction of an unranked felony. We conclude that RCW 9.94A.533, which provides for firearm and other sentence enhancements, applies only to ranked offenses.

We therefore reverse the firearm sentence enhancement and remand to the trial court for resentencing. With respect to the second issue raised by Mr. Soto, we direct the court to exclude from the judgment and sentence any finding of Mr. Soto's present or future ability to pay legal financial obligations and other expenses, since the record lacked support for such findings.

FACTS AND PROCEDURAL BACKGROUND

David Soto was found guilty following a bench trial of animal cruelty in the first degree and unlawful possession of a firearm in the first degree. The court found that in committing the animal cruelty offense, Mr. Soto was armed with a firearm. It imposed an 18-month firearm enhancement to run consecutive to its concurrent sentences of 12 months for the animal cruelty conviction and 48 months for the firearm possession conviction.

Mr. Soto challenged the trial court's authority to impose a firearm enhancement on a conviction for animal cruelty, which is an unranked crime. The trial court rejected his argument, construing RCW 9.94A.533, which provides for the enhancement, as applying to all felonies, ranked or unranked.

The judgment and sentence imposed legal financial obligations in the amount of $3,700. The court found that Mr. Soto had the present or likely future ability to pay the financial obligations imposed and the means to pay for the costs of incarceration and any costs of medical care incurred while incarcerated. Mr. Soto appeals.

ANALYSIS

I

We first address the statutory construction issue raised by Mr. Soto in the trial court: Must the sentence for an unranked offense be increased based upon a finding that the offender was armed with a firearm in committing the offense?

The statute at issue is RCW 9.94A.533, entitled "Adjustments to standard sentences." It provides for additional time to be added to the standard sentence ranges for certain crimes in the event of aggravating circumstances identified by the statute. Subsection (3) of the statute addresses additional time to be added to the standard sentence range for felony crimes if the offender was armed with a firearm.

The first subsection of RCW 9.94A.533 provides that "[t]he provisions of this section apply to the standard sentence ranges determined by RCW 9.94A.510 or 9.94A.517." RCW 9.94A.510 is the "Table 1" sentencing grid. Using the grid, a sentencing court determines the sentencing range and sentencing midpoints for an offender's conviction of a crime by finding the intersection of the offender's "offender score" (based on criminal history) and the "seriousness level" of his or her crime (from I to XVI). The "seriousness level" for most crimes recognized by Washington statutes is set forth in "Table 2," codified at RCW 9.94A.515.

RCW 9.94A.517 is the drug offense sentencing grid. It similarly identifies the sentencing range for an offender's conviction of a drug offense based on an offender's offender score and the seriousness level of the drug offense.

The offense of animal cruelty in the first degree is defined by RCW 16.52.205(1)-(3). It is a class C felony. RCW 16.52.205(4). Mr. Soto was charged with animal cruelty by intentionally inflicting substantial pain on an animal, causing physical injury to an animal, and/or killing an animal by a means that caused undue suffering, a violation of

3

RCW 16.52.205(1). No seriousness level has been assigned to that means of committing first degree animal cruelty. *See* RCW 9.94A.515. A standard sentence range therefore cannot be determined for that means of committing the offense from RCW 9.94A.510, the Table 1 sentencing grid, or from RCW 9.94A.517, the drug offense sentencing grid.[1]

Where no seriousness level has been assigned to an offense the court determines the sentence by applying RCW 9.94A.505(2)(b), which provides:

> If a standard sentence range has not been established for the offender's crime, the court shall impose a determinate sentence which may include not more than one year of confinement; community restitution work; a term of community custody under RCW 9.94A.702 not to exceed one year; and/or other legal financial obligations. The court may impose a sentence which provides more than one year of confinement and a community custody term under RCW 9.94A.701 if the court finds reasons justifying an exceptional sentence as provided in RCW 9.94A.535.

"Unranked offense" is the term commonly applied to offenses that have not been assigned a seriousness level and whose standard sentencing range therefore cannot be determined on the Table 1 sentencing grid or drug offense sentencing grid. As observed by Division One of the Court of Appeals, "[t]he Sentencing Guidelines Commission recommends rankings to the legislature and does not recommend that all offenses be ranked: 'The Commission decided not to rank certain felonies which seldom occur. . . . If, in the future, a significant number of persons are convicted of offenses not included in the

---

[1] A different means of committing first degree animal cruelty, involving sexual conduct or contact with an animal, *see* RCW 16.52.205(3), *is* given a seriousness rank of III by RCW 9.94A.515.

Seriousness Level Table, the Commission will recommend appropriate seriousness levels to the Legislature for those crimes.'" *In re Pers. Restraint of Acron*, 122 Wn. App. 886, 890, 95 P.3d 1272 (2004) (quoting WASH. STATE SENTENCING GUIDELINES COMM'N, ADULT SENTENCING GUIDELINES MANUAL at II-57 (1993)). Several hundred crimes are presently unranked. Most are class C felonies. *See* WASH. STATE CASELOAD FORECAST COUNCIL, 2012 WASHINGTON STATE ADULT SENTENCING GUIDELINES MANUAL § 5, at 92-101 (version 20121231).

Mr. Soto, relying on the expressly limited scope of RCW 9.94A.533 provided by its subsection (1), argues that the statute has no application to unranked offenses. Looking solely at subsection (1), he appears to be correct. The State successfully argued below and argues on appeal, however, that language appearing elsewhere in the statute creates an ambiguity that we should resolve by deferring to what it argues was legislative intent to increase the penalty for firearm use by an offender committing *any* felony.

The State points to subsection (3) of the statute, which deals in particular with firearm enhancements. It states in pertinent part:

> (3) The following additional times shall be added to the standard sentence range for felony crimes committed after July 23, 1995, if the offender or an accomplice was armed with a firearm . . .
> (a) Five years for *any felony defined under any law as a class A felony* or with a statutory maximum sentence of at least twenty years, or both, and not covered under (f) of this subsection;
> (b) Three years for *any felony defined under any law as a class B felony* or with a statutory maximum sentence of ten years, or both, and not covered under (f) of this subsection;

(c) Eighteen months for *any felony defined under any law as a class C felony* or with a statutory maximum sentence of five years, or both, and not covered under (f) of this subsection.

RCW 9.94A.533 (emphasis added). The State argues that these repeated references to "any felony defined under any law as a . . . felony" compels the conclusion that the legislature intended the enhancements to apply to all felonies, ranked or unranked.

The State next points out that a few crimes are exempted from the mandatory application of RCW 9.94A.533(3) by paragraph (3)(f), which provides:

(f) The firearm enhancements in this section shall apply to *all felony crimes* except the following: Possession of a machine gun, possessing a stolen firearm, drive-by shooting, theft of a firearm, unlawful possession of a firearm in the first and second degree, and use of a machine gun in a felony.[2]

(Emphasis added.) Here again, the State argues, the statutory language "all felony crimes" must be read to apply uniformly to felonies.

The State finally points to subsection (6) of the statute, which provides increased time for controlled substances offenses that take place in the presence of children or near schools, public parks, or on or in certain public transit vehicles or facilities. Subsection (6) provides that additional time "shall be added to the standard sentence range for any *ranked offense* involving a violation of chapter 69.50 RCW if the offense was also a

---

[2] It has been pointed out that the exempted felonies are those in which using a firearm is an element of the offense. *State v. Brown*, 139 Wn.2d 20, 25, 983 P.2d 608 (1999) (quoting WASH. STATE SENTENCING GUIDELINES COMM'N, ADULT SENTENCING GUIDELINES MANUAL cmt. at II-67 (1997)).

6

violation of RCW 69.50.435 or 9.94A.827." RCW 9.94A.533(6) (emphasis added). The State argues that the reference to "ranked offense" would be superfluous if the scope of the statute was already limited to ranked offenses.

Sentencing is a legislative power, not a judicial power. *State v. Bryan*, 93 Wn.2d 177, 181, 606 P.2d 1228 (1980). A trial court's discretion to impose sentence is limited to that granted by the legislature. *State v. Ammons*, 105 Wn.2d 175, 713 P.2d 719, 718 P.2d 796 (1986). If the trial court exceeds its sentencing authority, its actions are void. *State v. Phelps*, 113 Wn. App. 347, 354-55, 57 P.3d 624 (2002). Statutory construction is a question of law and reviewed de novo. *State v. Elmore*, 154 Wn. App. 885, 904-05, 228 P.3d 760 (2010).

When interpreting a statute, "if the statute's meaning is plain on its face, then the court must give effect to that plain meaning as an expression of legislative intent." *Dep't of Ecology v. Campbell & Gwinn, L.L.C.*, 146 Wn.2d 1, 9-10, 43 P.3d 4 (2002). "All words must be read in the context of the statute in which they appear, not in isolation." *State v. Lilyblad*, 163 Wn.2d 1, 9, 177 P.3d 686 (2008). A statute is deemed ambiguous when the language is susceptible to more than one interpretation. *State v. Jacobs*, 154 Wn.2d 596, 600-01, 115 P.3d 281 (2005).

Reading all subsections of RCW 9.94A.533 in the context of the statute, we conclude that the statute does not apply to unranked offenses. Subsection (1) of the statute exists for one reason: to define the scope of the statute's application. It limits that

scope to "standard sentence ranges determined by RCW 9.94A.510 or 9.94A.517."

"Under expressio unius est exclusio alterius, a canon of statutory construction, to express one thing in a statute implies the exclusion of the other. Omissions are deemed to be exclusions." *In re Det. of Williams*, 147 Wn.2d 476, 491, 55 P.3d 597 (2002) (citation omitted).

Nothing in subsection (1) suggests that the language "standard sentence ranges determined by RCW 9.94A.510 or 9.94A.517" is illustrative. We construe a statute's identification of crimes or other items to be illustrative when the legislature states that the identification is "illustrative," or provides "examples," or extends to "similar" or "like" offenses; absent such a signal, we read the legislature's list as exclusive and complete. *In re Postsentence Review of Leach*, 161 Wn.2d 180, 185-86, 163 P.3d 782 (2007). We cannot amend an exclusive list of sentencing ranges subject to enhancement with others we believe the legislature omitted; our Supreme Court has reminded us of its "'long history of restraint in compensating for legislative omissions.'" *Id.* at 186 (quoting *State v. Taylor*, 97 Wn.2d 724, 728, 649 P.2d 633 (1982)).

By giving subsection (1) of the statute its plain meaning, we do not render the references to "all felonies" elsewhere in the statute meaningless; they are rationally understood to extend the sentencing enhancement to all felonies falling within the scope of the statute as defined by subsection (1).

8

Only subsection (6), providing that the statute applies to all "ranked offenses" of chapter 69.50 RCW, is superfluous if subsection (1) already limits the statute's scope to standard range sentences determined for ranked offenses. But it is more reasonable to read subsection (6) as containing surplusage than to read subsection (1) as having no meaning at all. And in light of subsection (6), it is beyond debate that the legislature intended its 24-month increase in confinement to apply only to the relatively serious and commonly occurring crimes that the Sentencing Guidelines Commission had seen fit to rank—not to relatively uncommon, unranked crimes that are punishable, at most, by a year of confinement, community restitution work, or a term of community custody. It is more likely that the legislature intended for this distinction to apply to all of the enhancements provided by the statute—which it does, given our construction of subsection (1)—than to apply only to the enhancement provided by subsection (6).

Although expressed in dicta, we note that at least one justice of the Washington Supreme Court and a panel of Division Two of the Court of Appeals have assumed that the sentencing enhancements provided by RCW 9.94A.533 do not apply to unranked felonies. *See State v. Gurske*, 155 Wn.2d 134, 152 n.15, 118 P.3d 333 (2005) (Chambers, J., concurring) ("The statute exempts certain firearms offenses and does not address unranked felonies. RCW 9.94A.533(3)(f)."); *State v. Rainford*, 86 Wn. App. 431, 441 n.6, 936 P.2d 1210 (1997) ("RCW 9.94.041 [possession of controlled substances by prisoners] is an unranked felony under the Sentencing Reform Act of 1981 and is not

9

subject to enhancement for possession within a correctional facility under [RCW 9.94A.533(5)(c)].").

If the legislature made an error in drafting the statute, as the State assumes, we must leave it to the legislature to correct the error. *Taylor*, 97 Wn.2d at 728; *see also State v. Mendoza*, 63 Wn. App. 373, 378, 819 P.2d 387 (1991). Appellate courts do not supply omitted language even when the legislature's omission is clearly inadvertent, unless the omission renders the statute irrational. *Acron*, 122 Wn. App. at 891. "To do so would [be] to arrogate to ourselves the power to make legislative schemes more perfect, more comprehensive and more consistent." *Taylor*, 97 Wn.2d at 729.

Because we conclude that RCW 9.94A.533(3) does not apply to unranked offenses, the trial court's 18-month increase of Mr. Soto's sentence imposed for the animal cruelty conviction was unauthorized and void.

We reverse the firearm sentence enhancement and remand for resentencing consistent with this opinion.

The remainder of this opinion has no precedential value. Therefore, it will be filed for public record in accordance with the rules governing unpublished opinions. RCW 2.06.040.

II

Mr. Soto next contends that the trial court had no basis for its findings 2.7, 4.D.4, and 4.D.5 in the judgment and sentence that he has the current or future ability to pay

legal financial obligations (LFOs) and the means to pay costs of incarceration and medical care. Under RCW 9.94A.760(1), the trial court may impose LFOs as part of the sentence, designating the total amount and segregating that amount according to separate assessments for restitution, costs, fines, and other required assessments. Under RCW 9.94A.760(2), it may require the offender to pay for the costs of incarceration up to the maximum authorized by the statute. But a defendant cannot be ordered to pay costs unless he or she is or will be able to pay them. RCW 10.01.160(3).

A trial court is not required to enter formal findings of fact about a defendant's present or future ability to pay LFOs. *State v. Bertrand*, 165 Wn. App. 393, 404, 267 P.3d 511 (2011) (citing *State v. Baldwin*, 63 Wn. App. 303, 311, 818 P.2d 1116, 837 P.2d 646 (1991)). However, "the record must be sufficient for us to review whether 'the trial court judge took into account the financial resources of the defendant and the nature of the burden' imposed by LFOs." *Id.* (quoting *Baldwin*, 63 Wn. App. at 312). We review a trial court's findings as to a defendant's resources and ability to pay under the clearly erroneous standard. *Id.* at 403-04 & n.13.

The record of Mr. Soto's sentencing reveals that nothing was said about his ability or likely future ability to pay his LFOs. Here, as in *Bertrand*, the findings are clearly erroneous by virtue of the lack of support in the record. The appropriate remedy would ordinarily be to reverse the finding of ability to pay and remand to the trial court with directions to strike the findings from the judgment and sentence. In this case we reverse

11

the findings but, since the case is otherwise being remanded for resentencing, we direct the trial court to omit findings as to ability to pay that are not supported by evidence in the record.

The State concedes that the trial court lacked a basis for its finding but suggests a different remedy: that we direct the trial court on remand to develop a record supporting the findings. We disagree and decline the suggestion. As *Baldwin* holds, "the meaningful time to examine the defendant's ability to pay is when the government seeks to collect the obligation." *Baldwin*, 63 Wn. App. at 310.

We reverse the firearm sentence enhancement and remand for resentencing consistent with this opinion.

_____
Siddoway, A.C.J.

WE CONCUR:

_____
Brown, J.

_____
Kulik, J.

12