IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 78028-0-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| MICHAEL DEGALVEZ WILLIAMSON, | ) | |
| | ) | FILED: April 29, 2019 |
| Appellant. | ) | |
| | ) | |

VERELLEN, J. — Michael Williamson appeals the sentence imposed following his conviction on stipulated facts for indecent exposure with sexual motivation. He contends the trial court erred in failing to consider his mental health conditions in regard to the aggravating factor of rapid recidivism and the sentence exceeded the trial court's statutory authority. We affirm.

## FACTS

On September 23, 2016, Williamson boarded a King County Metro bus and sat across from M.C.L., an adult female. Williamson waved his hands to get M.C.L.'s attention. M.C.L. saw that Williamson had exposed his penis and was masturbating. M.C.L. managed to take a photograph of Williamson and called 911 after returning home.

Law enforcement officers identified Williamson from prior similar incidents. Williamson was wearing a GPS monitoring bracelet required by the terms of his

community custody from prior convictions. The bracelet showed Williamson boarding a Metro bus around the time and location of the incident. The incident occurred 42 days after Williamson was released from jail after serving a sentence for a prior conviction for indecent exposure.

The State charged Williamson with one count of indecent exposure, elevated to a felony by Williamson's previous convictions for indecent exposure.[1] The State alleged that Williamson committed the crime with sexual motivation. The State sought an exceptional sentence based on the aggravating factors of sexual motivation and rapid recidivism.

Following a bench trial on stipulated facts, the trial court found Williamson guilty as charged. Based on the aggravating factors of sexual motivation and rapid recidivism, the trial court imposed an exceptional sentence of 30 months' incarceration followed by 30 months' community custody and required registration as a sex offender. Williamson appeals.

## DISCUSSION

1. Rapid Recidivism Aggravating Factor

RCW 9.94A.535(3)(t) permits a court to impose a sentence outside the standard range for an offense if "[t]he defendant committed the current offense shortly after being released from incarceration." Williamson argues that the trial court abused its discretion when it refused to consider evidence of his mental health conditions with regard to this aggravating factor.

---

[1] See RCW 9A.88.010(2)(c). Williamson stipulated to these prior convictions.

At trial, Williamson offered a psychological report prepared by Dr. Paul Spizman dated August 14, 2017. Dr. Spizman diagnosed Williamson with obsessive compulsive disorder and paraphilic exhibitionism disorder. Dr. Spizman opined that Williamson's compulsive behavior "was oriented towards repeat exposing behavior" and that it would be "incredibly difficult for him to control his behavior."[2] Williamson argued that the report was relevant to the rapid recidivism aggravating factor because for him to "refrain or not be arrested or investigated for indecent exposure six weeks after release" was "a very long time in the grand scheme of things with someone who suffers from these disorders."[3]

The State agreed that Williamson could submit Dr. Spizman's report for the trial court's consideration but argued that the report was not relevant for the purposes of the rapid recidivism aggravating factor.

The trial court stated that it would consider the report:

> What I'm going to do is, now that we've all stipulated to what the facts are—and I'm going to include—understanding the argument of relevance, but I am, pursuant to the agreement of the parties, going to include Dr. Spizman's information as well to review and for the court to make determinations. And that will only go to the issue of rapid recidivism as an aggravating factor at this point.[4]

However, the trial court ultimately found the report not relevant with regard to rapid recidivism:

---

[2] Report of Paul Spizman, Psy.D. (Aug. 14, 2017) at 14; Interview of Dr. Paul Spizman (Oct. 23, 2017) at 21.

[3] Report of Proceedings (Jan. 5, 2018) at 68.

[4] Id. at 63.

> With regards to Dr. Spizman's report, towards the issue of rapid recidivism, the court does not find the report itself to address that issue particularly relevant. It does find it relevant, however, for purpose—it may be relevant for further purposes and the court may consider it as such.[5]

The trial court included in its written findings that it reviewed and considered Dr. Spizman's report.

Williamson argues that the trial court erred in "summarily deeming the psychological report not relevant and admissible."[6] To the extent Williamson claims the trial court refused to admit or consider the report, Williamson is mistaken. The record is clear that the trial court considered the report as part of the stipulated facts.

But Williamson also appears to challenge the weight the trial court gave the report. Quoting State v. Combs, Williamson argues that "'[t]he gravamen of the [aggravating factor] is disdain for the law.'"[7] He contends that Dr. Spizman's report was relevant to show his repeated commission of the offense stemmed not from a disdain for the law but a mental disorder that compelled him to engage in the conduct. But "disdain for the law" is the justification for the aggravating factor, not an additional element that must be met.[8] The statutory requirement is simply that the new offense was committed "shortly after" release.[9] Williamson fails to show that the

---

[5] Id. at 72.

[6] Appellant's Br. at 5.

[7] Id. at 7 (first alteration in original) (quoting State v. Combs, 156 Wn. App. 502, 506, 232 P.3d 1179 (2010).

[8] State v. Williams, 159 Wn. App. 298, 313-14, 244 P.3d 1018 (2011).

[9] Combs, 156 Wn. App. at 506.

4

trial court erred in determining Dr. Spizman's report was not relevant to the rapid recidivism aggravating factor.

2. Finding of Sexual Motivation

Williamson contends that the trial court exceeded its authority in making a finding of sexual motivation because a sentencing enhancement based on sexual motivation cannot apply to unranked offenses.

When a defendant is charged with any crime other than a sex offense, the State may file a special allegation that the crime was sexually motivated.

> The prosecuting attorney shall file a special allegation of sexual motivation in every criminal case, felony, gross misdemeanor, or misdemeanor, other than sex offenses as defined in RCW 9.94A.030 when sufficient admissible evidence exists, which, when considered with the most plausible, reasonably foreseeable defense that could be raised under the evidence, would justify a finding of sexual motivation by a reasonable and objective fact finder.[10]

The State must prove this allegation beyond a reasonable doubt.[11] The court "shall not dismiss this special allegation unless it finds that such an order is necessary to correct an error in the initial charging decision or unless there are evidentiary problems which make proving the special allegation doubtful."[12]

A finding of sexual motivation has several consequences. First, the crime becomes, by definition, a "sex offense."[13] Second, RCW 9.94A.533(8)(a) requires that the court impose a mandatory sentencing enhancement. In the case of a class

---

[10] RCW 9.94A.835(1).

[11] RCW 9.94A.835(2).

[12] RCW 9.94A.835(3).

[13] RCW 9.94A.030(47)(c) ("A felony with a finding of sexual motivation under RCW 9.94A.835" is a sex offense.)

C felony conviction, the enhancement is 12 months.[14] Third, the finding constitutes an aggravating factor that can support an exceptional sentence.[15]

RCW 9.94A.510 establishes the standard range for most offenses. The range is determined through the intersection on a grid of the defendant's offender score and the seriousness level of the offense. Offenses without an assigned seriousness level (referred to as "unranked" offenses) are not found on the sentencing grid. Instead, sentencing for unranked offenses is controlled by RCW 9.94A.505(2)(b), which provides:

> If a standard sentence range has not been established for the offender's crime, the court shall impose a determinate sentence which may include not more than one year of confinement. The court may impose a sentence which provides more than one year of confinement . . . if the court finds reasons justifying an exceptional sentence as provided in RCW 9.94A.535.

Indecent exposure, as charged here, is an unranked offense.[16]

Citing State v. Soto, Williamson argues that enhancements cannot be added to sentences for unranked offenses.[17] In Soto, Division Three of this court concluded that "RCW 9.94A.533, which provides for firearm and other sentence enhancements, applies only to ranked offenses."[18] The court based its conclusion on the prefatory

---

[14] RCW 9.94A.533(8)(a)(iii).

[15] RCW 9.94A.535(3)(f).

[16] RCW 9A.88.010(2)(c); State v. Steen, 155 Wn. App. 243, 247-49, 228 P.3d 1285 (2010); see also RCW 9.94A.515 (listing the seriousness level for specific crimes).

[17] 177 Wn. App. 706, 309 P.3d 596 (2013).

[18] Id. at 708.

language of RCW 9.94A.533(1), which states that RCW 9.94A.533 applies only to "the standard sentence ranges determined by RCW 9.94A.510 or 9.94A.517."[19]

Here, however, the trial court did not exceed its authority because it did not impose an enhancement based on the finding of sexual motivation. Williamson argues that RCW 9.94A.533(8)(b) mandates the enhancement if a finding of sexual motivation is made.[20] But RCW 9.94A.533(1) clearly limits application of RCW 9.94A.533 to offenses in which the standard range is determined by RCW 9.94A.510 or 9.94A.517. Because the standard range in this case was governed by RCW 9.94A.505(2)(b), the trial court did not impose the enhancement. And Williamson cites to no authority in support of his claim that a trial court may not make a finding of sexual motivation with regard to an unranked offense.[21]

In the alternative, Williamson argues, sexual motivation may not serve as an aggravating factor for the crime of indecent exposure with sexual motivation.

A finding of sexual motivation "shall not be applied to sex offenses as defined in RCW 9.94A.030."[22]

---

[19] RCW 9.94A.533(1). RCW 9.94A.517 is the sentencing grid for drug offenses.

[20] RCW 9.94A.533(8)(b) provides: "Notwithstanding any other provision of law, all sexual motivation enhancements under this subsection are mandatory, shall be served in total confinement, and shall run consecutively to all other sentencing provisions, including other sexual motivation enhancements, for all offenses sentenced under this chapter."

[21] Because the trial court was entitled to make a finding of sexual motivation, Williamson's claim that the trial court lacked authority to impose a sex offender registration requirement is unavailing. See RCW 9A.44.130(1)(a) (any person who has "been convicted of any sex offense" must register as a sex offender).

[22] RCW 9.94A.835.

7

The exclusion of sex offenses makes sense because the purpose of creating the sexual motivation aggravator was to enhance the punishment of an offender who was sexually motivated in committing a crime that did not necessarily include sexual motivation, as explained by the Governor's Task Force on Community Protection. When it defined sex offenses and defined the punishments for those crimes, the legislature already considered the sexual nature of these crimes.[23]

Indecent exposure is not listed as a sex offense in RCW 9.94A.030(47). And the Washington Supreme Court has concluded that sexual motivation may serve as an aggravating factor for indecent exposure.[24] But "[a] felony with a finding of sexual motivation under RCW 9.94A.835" is a sex offense.[25] Thus, Williamson contends in somewhat circular fashion, once a trial court makes a finding of sexual motivation, indecent exposure becomes a sex offense, to which a finding of sexual motivation cannot apply.

However, Williamson disregards the plain language of RCW 9.94A.535(3)(f), which specifically states that "the following circumstances can support a sentence above the standard range . . . [t]he current offense included a finding of sexual motivation pursuant to RCW 9.94A.835." Thus, the statute clearly anticipates that a finding of sexual motivation may serve as an aggravating factor. Williamson fails to establish error.

3. Community Custody

Williamson contends the trial court exceeded its authority when it imposed 30 months of incarceration and 30 months of community custody. He argues that he is

---

[23] State v. Murray, 190 Wn.2d 727, 734, 416 P.3d 1225 (2018).

[24] Id. at 736.

[25] RCW 9.94A.030(47)(c).

subject to a mandatory term of 36 months of community custody and that the trial court was required to reduce his term of incarceration to 24 months so as not to exceed the statutory maximum.

Indecent exposure, as charged here, is a class C felony.[26] The statutory maximum for a class C felony is 60 months.[27] RCW 9.94A.701 provides that the court must impose a term of 36 months of community custody for any "sex offense not sentenced under RCW 9.94A.507," including indecent exposure with sexual motivation.[28]

Here, the trial court ensured that the combination of Williamson's confinement and community custody did not exceed the statutory maximum. But, citing RCW 9.94A.701(9), Williamson contends that the trial court had the authority only to reduce his term of confinement, not his term of community custody. RCW 9.94A.701(9) provides that "[t]he term of community custody . . . shall be reduced by the court whenever an offender's standard range term of confinement in combination with the term of community custody exceeds the statutory maximum for the crime." But "[b]y its plain language, RCW 9.94A.701(9) applies only to terms of confinement imposed within the standard range."[29] It does not apply when a trial court imposes an exceptional sentence.[30]

---

[26] RCW 9A.88.010(2)(c).

[27] RCW 9A.20.021(1)(c).

[28] RCW 9.94A.701(1).

[29] In re Pers. Restraint of McWilliams, 182 Wn.2d 213, 217, 340 P.3d 223 (2014) (emphasis omitted).

[30] Id.

Williamson fails to demonstrate that his sentence was imposed in excess of statutory authority.

Affirmed.[31]

WE CONCUR:

---

[31] In a pro se statement of additional grounds, Williamson reiterates many of the arguments made by appellate counsel with regard to the rapid recidivism aggravating factor. Relying on Combs, Williamson contends that six weeks following his release did not constitute a "short period of time" because he had ample opportunity to commit the same offense while in jail and did not do so. Because Williamson's jail behavior was not part of the record on appeal, we cannot consider it. See State v. McFarland, 127 Wn.2d 322, 355, 899 P.2d 1251 (1995) (reviewing courts do not consider matters outside the record in a direct appeal).