# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 50738-2-II |
| Appellant/Cross-Respondent, | |
| v. | UNPUBLISHED OPINION |
| KATRINA MEGAN LACY, | |
| Respondent/Cross-Appellant. | |

MAXA, C.J. – The State appeals the trial court's order waiving Katrina Lacy's restitution and mandatory legal financial obligations (LFOs) because she was indigent. Lacy cross-appeals the trial court's refusal to waive the interest that had accrued on the restitution and mandatory LFOs. While this appeal was pending, the legislature in 2018 enacted amendments to several statutes addressing LFOs and interest on those obligations.

We hold that (1) RCW 9.94A.753 establishes that the trial court did not have the authority to waive Lacy's restitution obligation because of her inability to pay; (2) the 2018 amendments to LFO statutes apply prospectively to this appeal of a motion to waive LFOs and related interest; (3) the crime victim penalty assessment imposed on Lacy cannot be waived under the 2018 amendments to RCW 9.94A.6333(3)(f); (4) the trial court has the authority under the 2018 amendments to RCW 9.94A.6333(3)(f) to waive the DNA collection fee imposed on Lacy because she is indigent and her failure to pay the fee was not willful; (5) we do not address

Lacy's argument that attempting to collect restitution and the crime victim penalty assessment when she is indigent violates due process or equal protection because waiver of those obligations would not be the remedy even if she established constitutional violations; and (6) interest on restitution cannot be waived under RCW 10.82.090(2)(b) but interest on nonrestitution LFOs must be waived under the 2018 amendments to RCW 10.82.090(2)(b).[1]

Accordingly, we affirm the trial court's waiver of Lacy's DNA collection fee and the trial court's refusal to waive accrued interest on restitution, but we reverse the trial court's waiver of the crime victim penalty assessment and restitution and refusal to waive interest on nonrestitution LFOs. We remand for the trial court to vacate the order waiving the crime victim penalty assessment and restitution and to strike any accrued interest on nonrestitution LFOs.

## FACTS

In 2010, Lacy pleaded guilty to one count of second degree burglary. The sentencing court imposed $580.52 in restitution and three mandatory LFOs: a $500 crime victim penalty assessment, a $100 DNA collection fee, and a $200 criminal filing fee. The judgment and sentence stated that Lacy was required to make payments of not less than $30 per month beginning two months later.

In 2011 and again in 2013, the Pierce County Clerk assigned Lacy's restitution and LFO obligations plus accrued interest to AllianceOne Receivables Management, Inc. (AllianceOne), a debt collection agency. In November 2013, AllianceOne obtained a writ of garnishment for a

---

[1] The State initially appealed the trial court's waiver of the criminal filing fee imposed on Lacy but withdrew that appeal in light of the 2018 amendment to RCW 36.18.020(2)(h), which precludes the imposition of such a fee on an indigent defendant. Therefore, we do not address the previously mandatory criminal filing fee.

continuing lien on Lacy's earnings. In 2014, AllianceOne garnished Lacy's wages and received a payment that was applied to the restitution obligation. In 2014, AllianceOne also obtained a judgment against Lacy for $268.62 in garnishment costs.

In May 2017, Lacy filed a motion to remit or revoke all her LFOs and to waive all restitution and nonrestitution interest. In support, Lacy submitted a declaration establishing that she was indigent under GR 34 even though she was employed. She stated that she owed $14,866.34 in LFOs to various courts.[2] Finally, she stated that her housing voucher would expire in 2020 and that the existence of outstanding debts would make it more difficult for her to obtain affordable housing.

As of June 2017, $283.51 of the restitution and all of the mandatory LFOs imposed in this case remained outstanding. Total accrued interest on these obligations was $1,522.61, including $324.71 of interest on the restitution portion.

The trial court issued a letter ruling regarding Lacy's motion. The court found that Lacy was indigent, and that her violation of the sentencing conditions was not willful. The court ruled that it had authority under RCW 9.94B.040(3)(d) to modify a previous order regarding payment of LFOs. The court ordered that Lacy's judgment and sentence be modified to waive, remit and/or revoke all mandatory LFOs, which apparently included restitution. But the court denied Lacy's request to waive accrued interest.[3]

---

[2] The record is unclear whether this amount included interest.

[3] The trial court also waived discretionary LFOs, but the State does not appeal that ruling.

The State appeals the trial court's waiver of restitution and certain mandatory LFOs, and Lacy cross-appeals the trial court's failure to waive accrued interest.

ANALYSIS

A.    WAIVER OF RESTITUTION AND MANDATORY LFOS

The State argues that the trial court lacked statutory authority to waive Lacy's restitution and mandatory LFOs. Lacy argues that the trial court had such authority under various statutory provisions.[4]  She also argues that if the trial court had no authority to waive these obligations, attempting to collect restitution and LFOs when she could not pay them would violate the due process and equal protection provisions of the United States Constitution. The 2018 amendments to various LFO statutes now address the trial court's authority regarding waiver of certain mandatory LFOs.

We hold that the trial court erred in waiving the restitution and the crime victim penalty assessment but not in waiving the mandatory DNA collection fee. And we decline to address Lacy's constitutional claims.

1.    Standard of Review

This case involves the trial court's authority to waive restitution, mandatory LFOs, and related interest. Whether a trial court has authority to issue an order is a question of law that we review de novo. *State v. Soto*, 177 Wn. App. 706, 713, 309 P.3d 596 (2013).

---

[4] An offender may file a motion for remission of *discretionary* LFOs under RCW 10.01.160(4). However, RCW 10.01.160(4) applies only to "costs," and mandatory LFOs do not qualify as costs. *State v. Sorrell*, 2 Wn. App. 2d 156, 179-80, 408 P.3d 1100 (2018).

2.    Authority to Waive Restitution

Under RCW 9.94A.753(5)[5], "[r]estitution *shall be ordered* whenever the offender is convicted of an offense which results in injury to any person or damage to or loss of property." (Emphasis added.)  The sentencing court imposed restitution on Lacy pursuant to this statute.

RCW 9.94A.753(4) states that restitution "may be modified as to amount, terms, and conditions" while the offender remains under the sentencing court's jurisdiction.  However, RCW 9.94A.753(4) also expressly states, "The court may not reduce the total amount of restitution ordered because the offender may lack the ability to pay the total amount."

Here, the sole basis for the trial court's revocation of restitution was Lacy's indigence.  Therefore, the court's order violated RCW 9.94A.753(4).

Lacy notes that RCW 9.94A.753(4) prohibits revocation of restitution only if the offender cannot pay the *total* amount, and she claims that RCW 9.94A.753(4) is inapplicable here because she cannot pay *any* amount.  But this distinction makes no sense.  RCW 9.94A.753(4) unambiguously prohibits a trial court from reducing ordered restitution based on the offender's inability to pay.

We hold that the trial court did not have authority under RCW 9.94A.753(4) to waive Lacy's restitution and therefore that the trial court erred in waiving restitution.

3.    Authority to Waive Nonrestitution Mandatory LFOs

At the time of sentencing in 2010, specific statutes required the sentencing court to impose certain mandatory LFOs as part of Lacy's sentence: (1) a $500 crime victim penalty

---

[5] RCW 9.94A.753 was amended in 2018, but those amendments are not material here. Therefore, we cite to the current version of the statute.

assessment, former RCW 7.68.035(1)(a) (2009); and (2) a $100 DNA collection fee, former RCW 43.43.7541 (2008).  Neither of those statutes required that the sentencing court consider the defendant's ability to pay these fees. *See State v. Seward*, 196 Wn. App. 579, 587, 384 P.3d 620 (2016), *review denied*, 188 Wn.2d 1015 (2017).

      a.    Prospective Application of 2018 Amendments

In 2018, the legislature amended RCW 9.94A.6333(3)(f), which now authorizes a court to waive LFOs if the offender is indigent and the prior failure to pay was not willful.  However, the 2018 amendments to RCW 9.94A.6333(3)(f) expressly prohibit revoking the crime victim penalty assessment imposed under RCW 7.68.035.

Regarding the trial court's authority to *impose* LFOs, the Supreme Court in *State v. Ramirez* held that the 2018 amendments to the LFO statute apply prospectively to cases that were pending on direct appeal from the judgment and sentence when the amendments took effect.  191 Wn.2d 732, 747-49, 426 P.3d 714 (2018).  A statutory amendment applies prospectively when the precipitating event for application of the statute occurs after its effective date.  *Id.* at 749.  The court held that the precipitating event for the imposition of LFOs was the termination of the defendant's case.  *Id.*  Therefore, the 2018 amendments applied to Ramirez's case because the case was pending on direct appeal and was not yet final.  *Id.*

This case involves the trial court's authority to *waive* mandatory LFOs (and related interest) in response to Lacy's motion to waive.  The precipitating event for the waiver of LFOs is when the trial court's ruling on a waiver motion becomes final.  Here, the State's direct appeal and Lacy's cross-appeal were pending and the case was not yet final when the 2018 amendments

to the LFO statutes took effect. Therefore, we hold that the 2018 amendments apply prospectively to Lacy's motion to waive mandatory LFOs and related interest.

        b.    Crime Victim Penalty Assessment

Under the current version of RCW 9.94A.6333(3)(f), the trial court does not have authority to waive the crime victim penalty assessment. Therefore, we reverse the trial court's waiver of the crime victim penalty assessment imposed on Lacy.

        c.    DNA Collection Fee

The current version of RCW 43.43.7541, the statute authorizing the DNA collection fee, does not state that the trial court may waive the fee for indigent offenders. However, the current version of RCW 9.94A.6333(3)(f) states:

> If an offender fails to pay legal financial obligations as a requirement of a sentence the following provisions apply:
> . . . .
>
> (f) If the court finds that *the violation was not willful*, the court may, and if the court finds that *the defendant is indigent* as defined in RCW 10.101.010(3)(a) through (c), the court *shall* modify the terms of payment of the legal financial obligations, reduce or waive nonrestitution legal financial obligations, or convert nonrestitution legal financial obligations to community restitution hours.

(Emphasis added.)

This statute expressly authorizes the trial court to waive an imposed fee if the offender is indigent and the prior failure to pay was not willful. Here, the trial court found that Lacy was indigent and that her failure to pay was not willful.

The State argues that former RCW 9.94A.6333 (2015) applies only if the offender was subjected to a violation hearing. However, the current version of RCW 9.94A.6333(3) does not state that its terms apply only in the context of a violation hearing and in fact does not even

reference a violation hearing. Instead, the statute expressly applies when "an offender fails to pay legal financial obligations." RCW 9.94A.6333(3). Here, the State does not dispute that Lacy failed to pay her mandatory LFOs.

The State also argues that because there was no violation hearing, there was no finding regarding willfulness. But the trial court expressly found that Lacy's nonpayment was not willful.[6]

This court in *State v. Conway* held that former RCW 9.94A.6333 (2008) did not authorize a trial court to remit mandatory LFOs. ___ Wn. App. 2d ___, 438 P.3d 1235, 1240 (2019). *Conway* is inapplicable here because we apply the current version of RCW 9.94A.6333(3), which expressly authorizes a trial court to reduce or waive nonrestitution mandatory LFOs if an indigent offender fails to pay those LFOs and the failure is not willful.

Therefore, we affirm the trial court's waiver of the DNA collection fee imposed on Lacy under the current version of RCW 9.94A.6333(3)(f).[7]

4. Due Process and Equal Protection Claims

Lacy argues that we can affirm the trial court's waiver of restitution and the crime victim penalty assessment on other grounds because attempting to collect those obligations when she

---

[6] RCW 9.94A.6333(3) does not expressly authorize an offender to file a motion to waive mandatory LFOs. However, the State does not argue that Lacy did not have authority to file her motion. Therefore, we do not address this issue.

[7] The trial court apparently relied on former RCW 9.94B.040(3)(d) (2002) as authority to revoke Lacy's mandatory LFOs. But RCW 9.94B.010(1) expressly states that chapter 9.94B RCW is applicable only to crimes committed before July 1, 2000. And the Supreme Court in *State v. Bigsby* confirmed that RCW 9.94B.040 only applies to crimes committed before July 1, 2000. 189 Wn.2d 210, 214-21, 399 P.3d 540 (2017). Therefore, we do not rely on this statute. However, we can affirm the trial court on any basis supported by the record. *State v. Streepy*, 199 Wn. App. 487, 500, 400 P.3d 339, *review denied*, 189 Wn.2d 1025 (2017).

could not pay them violates the due process and equal protections provisions of the United States Constitution. We decline to address this argument.

Lacy does not challenge the trial court's *imposition* of restitution and the crime victim penalty assessment in her judgment and sentence. She argues that the attempted *collection* of these obligations is unconstitutional. The State acknowledges that a trial court may have authority to stop the unconstitutional collection of LFOs.

However, Lacy did not request that the trial court stop collection activities, only that the restitution obligation and the crime victim penalty assessment be waived. The remedy for an unconstitutional enforcement activity would seem to be an order precluding that activity, not an order waiving the validly imposed restitution and crime victim penalty assessment.

We decline to consider Lacy's constitutional claims because even if we were to agree with those claims, the appropriate remedy would not be what the trial court ordered – waiver of restitution and the crime victim penalty assessment.

B.     WAIVER OF INTEREST

Former RCW 10.82.090(2) (2015) allowed an offender, upon the offender's release from total confinement, to file a motion to reduce or waive interest on LFOs. The trial court declined to waive the interest that had accrued on Lacy's restitution and mandatory LFOs based on the language of the former statute. But applying the 2018 amendments to RCW 10.82.090, we hold that although Lacy's restitution interest cannot be waived under the facts here, her nonrestitution LFO interest must be waived.[8]

---

[8] Lacy also argues that RCW 10.82.090 violates the due process and equal protection provisions of the United States Constitution regarding the collection of restitution interest. We decline to

Former RCW 10.82.090(2)(b) allowed the trial court to reduce interest on the restitution portion of LFOs only if the offender had paid the principal in full. That requirement remains unchanged after the 2018 amendments. Lacy has not yet paid her restitution obligation in full. Therefore, the trial court did not err in refusing to waive the interest on Lacy's restitution obligation at this time.

Former RCW 10.82.090(1) required that interest accrue on all LFOs imposed in the judgment and sentence. Former RCW 10.82.090(2)(c) allowed the trial court to reduce or waive interest on nonrestitution LFOs if the offender "has personally made a good faith effort to pay" and "the interest accrual is causing significant hardship." Former RCW 10.82.090(2)(a) also required the trial court to waive interest on nonrestitution LFOs that accrued during the term of total confinement upon a showing of hardship.

In 2018, the legislature amended RCW 10.82.090(2)(a), which now states that the trial court shall waive nonrestitution interest that had accrued before June 7, 2018. In addition, RCW 10.82.090(1) now provides that no interest will accrue on nonrestitution LFOs after June 7, 2018. As we concluded above, these amendments apply prospectively to Lacy's motion to waive interest. Therefore, all interest on Lacy's nonrestitution LFO obligations must be waived.

CONCLUSION

We affirm the trial court's waiver of Lacy's DNA collection fee and the trial court's refusal to waive accrued interest on restitution, but we reverse the trial court's waiver of the crime victim penalty assessment and restitution and refusal to waive interest on nonrestitution

address this argument for the same reason that we declined to address the same argument regarding the restitution obligation.

10

No. 50738-2-II

LFOs. We remand for the trial court to vacate the order waiving the crime victim penalty assessment and restitution and to strike any accrued interest on nonrestitution LFOs.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

MAXA, C.J.

I concur:

GLASGOW, J.

WORSWICK, J. (concurring) — I concur in the result. I write separately only to express frustration with the legal financial obligation (LFO) statutory scheme, which creates unnecessary uncertainty for the parties and the courts.

This court strives to determine and implement the legislature's intent when interpreting statutes. *State v. Armendariz*, 160 Wn.2d 106, 110, 156 P.3d 201 (2007). We avoid reading statutes in a manner "that produces absurd results because we presume that the legislature does not intend absurd results." *State v. Novick*, 196 Wn. App. 513, 522, 384 P.3d 252 (2016). But avoiding absurd results is nearly impossible when navigating Washington's enigmatic labyrinth of LFO statutes.

The majority opinion expertly winds its way through no fewer than 10 statutes and former statutes across 3 statutory chapters, to arrive at its conclusions.[9] One conclusion is that although a trial court is required to impose mandatory LFOs, regardless of whether the defendant is indigent, *State v. Catling*, __Wn. 2d __, 438 P.3d 1174, 1177 (2019), the trial court is also required to reduce or waive the same mandatory LFOs when the defendant fails to pay them. Majority at 8. I cannot fault the majority for reaching this result, although the legislative reasons for requiring a court to impose a "mandatory" LFO only to then require the trial court to reduce or waive that same LFO 31 days later escapes me.

Moreover, RCW 9.94A.6333(3) gives no procedures for defendants or the trial courts to follow to trigger such a review of LFOs. The majority rightfully does not address this issue, as it was not raised in the briefs, but the practical aspects of implementing the statute's provisions remain unknown at this time.

---

[9] The statutes discussed in the majority are but a fraction of the statutes applicable to LFOs.

No. 50738-2-II

Katrina Lacy's commendable attempt to manage her LFOs demonstrates the uncertainty created by the statutes. First, the statutes are unclear as to when and how (or if) an offender can proactively seek modification of certain LFOs. Second, interpreting the statutes necessarily produces, if not an absurd result, certainly a curious one regarding mandatory LFOs. The current statutory scheme results in undue burdens and unnecessary confusion affecting the parties as well as the trial courts.

_____
Worswick, J.

13