**FILED**
**June 6, 2019**
**In the Office of the Clerk of Court**
**WA State Court of Appeals, Division III**

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 35575-6-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN ANTHONY CASTRO, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

SIDDOWAY, J. — In 2016, this court affirmed John Anthony Castro's several convictions for crimes committed in 2011 but reversed his sentence to life in prison as a persistent offender. The court held that a prior "most serious offense" relied on for the sentence was facially invalid for that purpose. When resentenced as directed by this court, Mr. Castro was sentenced to 517 months' incarceration. He appeals, making eight assignments of error.

He identifies two scrivener's errors in his judgment and sentence but raises no issue that requires a second resentencing. We remand with directions to make ministerial corrections to the judgment and sentence.

ISSUES ON APPEAL

Mr. Castro makes the following assignments of error to his resentencing: (1) before the trial court could use a prior deadly weapon enhancement to double the length of his current firearm enhancement, the existence of the prior enhancement had to be found by a jury, not the court; (2) the State failed to prove Mr. Castro's criminal history at resentencing; (3) the trial court erred when it estimated, rather than calculated, his offender score; (4) the trial court included Mr. Castro's 2008 conviction for conspiracy to deliver a controlled substance in his offender score despite "law of the case" that the conviction was invalid; (5) the trial court failed to determine if any of Mr. Castro's prior convictions were the same criminal conduct; (6) the trial court mistakenly increased Mr. Castro's monthly legal financial obligation (LFO) payments despite its avowed intention to leave them unchanged; (7) the trial court failed to consider whether Mr. Castro had the ability to make monthly payments of $10 while imprisoned; and (8) Mr. Castro's 2017 judgment and sentence erroneously identifies him as a persistent offender.

We address the assignments of error in that order. We include factual background as relevant.

I.      MR. CASTRO'S PRIOR DEADLY WEAPON ENHANCEMENT WAS PROPERLY FOUND BY THE TRIAL COURT

Mr. Castro was convicted in his 2013 trial for second degree murder with a firearm enhancement, felony riot (now criminal mischief), and first degree unlawful

possession of a firearm. The firearm enhancement was based on the jury's verdict that he was armed with a firearm during the commission of the second degree murder. Mr. Castro concedes that when the jury returns such a verdict, the court must impose a consecutive term for the firearm enhancement. RCW 9.94A.533. If there has been a previous finding that the defendant was armed with a deadly weapon or firearm during the commission of a qualifying felony, the term of the mandatory sentence is doubled. RCW 9.94A.533(3)(d).

Having determined that Mr. Castro was previously convicted with a firearm enhancement, the trial court doubled the firearm enhancement to his second degree murder conviction from 60 months to 120 months. Mr. Castro contends that it was error for the court, rather than a jury, to decide whether such a finding had previously been made.

"Any fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." *Alleyne v. United States*, 570 U.S. 99, 103, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013) (citing *Apprendi v. New Jersey*, 530 U.S. 466, 483 n.10, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000)); *see also State v. Recuenco*, 163 Wn.2d 428, 440, 180 P.3d 1276 (2008). Prior convictions are not "elements," however, and do not require a jury determination beyond a reasonable

doubt. *Apprendi*, 530 U.S. at 490; *State v. Witherspoon*, 180 Wn.2d 875, 892, 329 P.3d 888 (2014). The existence of a prior conviction may be determined by a judge after the jury's verdict. *Almendarez-Torres v. United States*, 523 U.S. 224, 243-44, 118 S. Ct. 1219, 140 L. Ed. 2d 350 (1998). Mr. Castro concedes that *prior convictions* do not have to be determined by a jury, but argues that a prior finding supporting a firearm enhancement is not a prior conviction.

In *Almendarez-Torres*, the United States Supreme Court held that the reason the existence of a prior conviction does not have to be determined by a jury is because such a conviction "'does not relate to the commission of the offense, *but goes to the punishment only*, and therefore . . . may be subsequently decided.'" *Id.* (alteration in original) (quoting *Graham v. West Virginia*, 224 U.S. 616, 629, 32 S. Ct. 583, 56 L. Ed. 917 (1912)). The Washington Supreme Court has interpreted the prior conviction exception as a "determination [that] involves nothing more than a review of the defendant's status as a repeat offender." *State v. Jones*, 159 Wn.2d 231, 241, 149 P.3d 636 (2006). It has characterized the "core concern" of *Apprendi*, by contrast, as being the offense conduct and the elements of the charged crime. *Id.* "To give effect to the prior conviction exception, Washington's sentencing courts must be allowed as a matter of law to determine not only the fact of a prior conviction but also those facts 'intimately related to

4

[the] prior conviction.'" *Id.* (alteration in original) (quoting *United States v. Moore*, 401 F.3d 1220, 1225 (10th Cir. 2005)).

The fact that a jury previously found Mr. Castro to be armed with a firearm in committing a qualifying felony is a fact intimately related to his prior conviction and one determinable from reviewing the record of his prior offenses. The trial court was permitted to make the finding. His right to a jury trial was not violated.

## II. MR. CASTRO'S AFFIRMATIVE ACKNOWLEDGMENT OF HIS CRIMINAL HISTORY AND ITS MATERIAL CONSEQUENCES EXCUSED THE STATE FROM ITS BURDEN OF PROOF

Mr. Castro complains that the State did not submit evidence at the resentencing hearing to substantiate his criminal history.

The State bears the burden of proving a defendant's prior convictions at sentencing by a preponderance of the evidence. *State v. Hunley*, 175 Wn.2d 901, 909-10, 287 P.3d 584 (2012). The best evidence of a prior conviction is a certified copy of the defendant's prior judgment and sentence. *Id.* at 910. If there is "an affirmative acknowledgment by the defendant of facts and information introduced for the purposes of sentencing," the State is relieved of its burden. *State v. Mendoza*, 165 Wn.2d 913, 928, 205 P.3d 113 (2009) (emphasis omitted).

By the time Mr. Castro was resentenced, the original sentencing judge had retired. The prosecutor explained to the trial court conducting the resentencing that when Mr.

Castro was originally sentenced in 2013, instead of filing the certified copies of Mr. Castro's prior judgment and sentences, they were offered and admitted as exhibits, which "maybe . . . was a mistake." Report of Proceedings (RP) at 10. Both the prosecutor and the lawyer who represented Mr. Castro on his direct appeal, Kenneth Kato,[1] who was present at resentencing, explained that the absence of the certified copies from the clerk's papers had created problems on appeal initially. The prosecutor represented, "I think they eventually got it straightened out." *Id.* at 11. Mr. Kato added:

> MR. KATO: Judge O'Connor did have those certified copies of the judgments and sentences in front of her. Usually they're filed in the court file. They weren't. But they were put away as exhibits. . . . And I knew what was before the court, I have copies of them, so I had no objection to having those certified copies of the judgments and sentences that weren't filed, be filed, because they were supposed to be before the court.

*Id.*

When the trial court asked if anything more needed to be done to fix the issue, Mr. Kato responded "[m]ost likely to be safe," and the prosecutor represented that he would file the certified copies after giving Mr. Kato a chance to review them again. *Id.* at 12. Evidently, he neglected to take that action.

The oversight does not change the fact that Mr. Castro's trial lawyer, Anna Nordtvedt, submitted a resentencing brief after the mandate issued in the prior appeal in

---

[1] We identify Mr. Castro's trial lawyer and his different appellate lawyer by name, to avoid confusion.

which she acknowledged the following:

> Mr. Castro's offender score is a 9+, so the standard range for this
> conviction is 298 - 397 months. A firearm enhancement on a Class A
> felony typically carries an additional 60 month[s], but since Mr. Castro has
> a prior conviction with a firearm enhancement under cause number 2003-1-
> 02440-7, the enhancement in this case would be an additional 120 months.
> A standard range sentence for Mr. Castro on Count I would be 418 - 517
> months, or approximately 34.8 to 43 years.

Clerk's Papers (CP) at 45. Ms. Nordtvedt's acknowledgment was sufficient to relieve the

State of its burden of proving Mr. Castro's criminal history.

III.   THE CLAIMED ERROR IN THE TRIAL COURT'S FAILURE TO DETERMINE BY HOW
       MANY POINTS MR. CASTRO'S OFFENDER SCORE EXCEEDED 9 DOES NOT WARRANT
       APPELLATE REVIEW

Mr. Castro argues that the trial court erred when it estimated, rather than

calculated, that his offender score was a 9 plus.

A defendant's offender score, together with the seriousness level of his current

offense, dictates the standard sentence range used in determining his sentence. RCW

9.94A.530(1); *see also State v. Moeurn*, 170 Wn.2d 169, 175, 240 P.3d 1158 (2010)

(stating "the offender score statute has three steps: (1) identify all prior convictions; (2)

eliminate those that wash out; (3) 'count' the prior convictions that remain in order to

arrive at an offender score."). "A defendant's standard range sentence reaches its

maximum limit at an offender score of '9 or more.'" *State v. France*, 176 Wn. App. 463,

468, 308 P.3d 812 (2013) (citing RCW 9.94A.510).

At Mr. Castro's 2017 resentencing hearing, the trial court stated:

> Obviously the offender score for all of [Mr. Castro's current convictions] is a 9 plus. I don't believe that is disputed by either [Mr. Castro's] attorneys [ ]or the State under these circumstances, with the seriousness levels and . . . the class of these felonies that the court is dealing with here.

RP at 23-24. Mr. Castro argues that the trial court should have counted all his points and arrived at a sum rather than rely on an understanding, agreed by the parties, that any calculation would result in a score greater than 9.

Mr. Castro cites no authority in support of this argument, which was never raised in the trial court. It does not merit review. RAP 10.3(a)(6), 2.5(a).

IV.     MR. CASTRO'S 2008 CONVICTION FOR CONSPIRACY TO DELIVER A CONTROLLED SUBSTANCE WAS NOT VACATED AND WAS PROPERLY INCLUDED IN CALCULATING HIS OFFENDER SCORE

Mr. Castro argues that because this court held in his prior appeal that his conviction for conspiracy to deliver a controlled substance was facially invalid, law of the case barred the trial court from including it in counting prior convictions.

In Mr. Castro's first appeal, he argued "that the trial court mistakenly classified one of his prior offenses, conspiracy to deliver a controlled substance with a deadly weapon enhancement, as a most serious offense." *State v. Castro*, No. 31701-3-III, slip op. at 11 (Wash. Ct. App. Aug. 30, 2016) (unpublished), http://www.courts.wa.gov /opinions/pdf/317013_ord.pdf. Under former RCW 9.94A.030(32)(t) (2012) (now

RCW 9.94A.030(33)(t)), a "most serious offense" includes a felony with a deadly weapon verdict under RCW 9.94A.825.

This court agreed with Mr. Castro that because his 2008 conviction for conspiracy to deliver a controlled substance was an unranked felony, a deadly weapon enhancement could not apply. *Castro*, No. 31701-3-III, slip op. at 12. Citing *State v. Soto*, 177 Wn. App. 706, 716, 309 P.3d 596 (2013), this court observed that an unranked felony with a firearm enhancement was "a nonexistent crime, rendering the judgment and sentence facially invalid." Ord. Den. Mot. for Recons., Granting Mot. to Suppl. Rec. & Amending Op., *State v. Castro*, No. 31701-3-III, at 2 (Wash. Ct. App. Aug. 30, 2016), http://www .courts.wa.gov/opinions/pdf/317013_ord.pdf.

The opinion thus held that the *enhanced* conspiracy to deliver a controlled substance was facially invalid. But Mr. Castro did not challenge, and this court did not vacate, the unenhanced conviction. The trial court properly included the conviction in arriving at Mr. Castro's offender score.

V.   ANY ISSUE THAT SOME OF MR. CASTRO'S PRIOR CONVICTIONS WERE THE SAME
      CRIMINAL CONDUCT WAS NOT PRESERVED

Because some of the prior convictions included in arriving at his offender score involved offenses occurring on the same date and were sentenced on the same date, Mr. Castro asks us to instruct the trial court to determine, at a resentencing, if any of his prior convictions can be scored as the same criminal conduct.

9

A defendant has the burden to "establish [what] crimes constitute the same criminal conduct." *State v. Graciano*, 176 Wn.2d 531, 539, 295 P.3d 219 (2013). Whether a defendant's convictions were based on the same criminal conduct presents a factual determination and involves the exercise of discretion, and may not be raised for the first time on appeal. *State v. Nitsch*, 100 Wn. App. 512, 523, 997 P.2d 1000 (2000); RAP 2.5(a). The request that we remand for this purpose is denied.

VI.    GIVEN THE TRIAL COURT'S APPARENT INTENT TO CARRY FORWARD THE LFO TERMS OF MR. CASTRO'S PRIOR JUDGMENT AND SENTENCE, WE REMAND FOR THE MINISTERIAL CORRECTION OF A SCRIVENER'S ERROR

If LFOs are ordered at sentencing, the trial court must "set a sum that the offender is required to pay on a monthly basis towards satisfying the legal financial obligation[s]." RCW 9.94A.760(1). When originally sentenced, Mr. Castro was ordered to make payments of $5 per month toward his LFOs.

At resentencing, the trial court imposed only the single LFO imposed at the original 2013 sentencing hearing—a $500 victim assessment fee—stating that its intent was "to impose [what] Judge O'Connor did." RP at 30. Elsewhere, the court stated,

> The previous financial obligations that you were ordered to pay . . . will remain the same. I'm not changing those. I don't believe the Court of Appeals had any issues with regards to that portion of it, *and the payments on that as well*.

RP at 27 (emphasis added). Yet the judgment and sentence requires Mr. Castro to make payments at $10 per month.

10

A scrivener's error "is one that, when amended, would correctly convey the intention of the court." *State v. Davis*, 160 Wn. App. 471, 478, 248 P.3d 121 (2011). The proper remedy for a scrivener's error is to remand to correct the error in the judgment and sentence. *E.g.*, *State v. Makekau*, 194 Wn. App. 407, 421, 378 P.3d 577 (2016). The record shows the trial court's intention to impose the same repayment plan imposed at Mr. Castro's original 2013 sentencing. We remand to the trial court to correct the repayment obligation to $5 a month. We need not, and would not, entertain Mr. Castro's alternative seventh assignment of error asking us to remand for a determination of his ability to pay $10 a month. RAP 2.5(a).

VII. TO AVOID FUTURE CONFUSION, WE REMAND WITH DIRECTIONS TO REPRODUCE THE TERMS OF MR. CASTRO'S JUDGMENT AND SENTENCE ON THE CORRECT JUDGMENT AND SENTENCE FORM

Mr. Castro's judgment and sentence entered following the resentencing was prepared using the felony judgment and sentence form for a persistent offender. To avoid future confusion, we remand to the trial court to enter Mr. Castro's judgment and sentence on the judgment and sentence form used for nonpersistent felony offenders.

We remand with directions to make two ministerial corrections consistent with

No. 35575-6-III
*State v. Castro*

this opinion. No resentencing is required.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Siddoway, J.

WE CONCUR:

_____
Fearing, J.

_____
Pennell, A.C.J.