## NOTICE:   SLIP OPINION
## (not the court's final written decision)

The opinion that begins on the next page is a slip opinion.  Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision.  Slip opinions can be changed by subsequent court orders.  For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion.  Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports.  An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.**  The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports.  Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON,

                Respondent,

        v.

ROBERT TERRANCE JACKSON,

                Appellant.

DIVISION ONE

No. 84547-1-I

PUBLISHED OPINION

DWYER, J. — In the Sentencing Reform Act of 1981[1] (SRA), our legislature directed that two or more current offenses and all prior offenses are presumed to be counted separately in calculating an offender score. Only when the sentencing court enters a finding that any such offenses encompass the same criminal conduct may the offenses be counted as a single offense. In addition, our Supreme Court has made clear that the defendant bears the burden to prove that current or prior offenses encompass the same criminal conduct. When the defendant does not attempt to meet this burden, the sentencing court does not err by counting all offenses separately in calculating the offender score. Rather, in so doing, the sentencing court rules in accordance with the presumption established by the SRA.

Here, Robert Jackson appeals from the exceptional sentence imposed on resentencing. He asserts that the superior court erroneously calculated his

---

[1] Ch. 9.94A RCW.

offender score because the court did not sua sponte conduct a "same criminal conduct" analysis of his prior offenses. We disagree. Jackson did not assert on resentencing that any of his prior offenses encompassed the same criminal conduct. Thus, in counting separately Jackson's myriad prior offenses, the resentencing court impliedly recognized that he had not met his burden of proving that any such offenses should be counted as one offense. Indeed, by having not attempted to meet his burden, Jackson cannot demonstrate that the resentencing court erred in calculating his offender score by counting his prior offenses separately, thus giving effect to the applicable statutory presumption.

Jackson additionally asserts that his exceptional sentence must be reversed because, he contends, the aggravating circumstance of rapid recidivism is unconstitutionally vague. He further asserts that the evidence is insufficient to support a finding that he committed the offenses "shortly after being released from incarceration," RCW 9.94A.535(3)(t), and, thus, that the court erroneously imposed an exceptional sentence based on the rapid recidivism aggravator. On both accounts, we disagree.

Because a person of reasonable understanding would not have to guess that reoffending only three months after release from incarceration—as did Jackson—qualifies as "shortly after" release, the aggravating circumstance is not unconstitutionally vague. Moreover, a rational fact finder could conclude that Jackson committed the current offenses "shortly after" his release. Accordingly, sufficient evidence supports the application of the rapid recidivism aggravator.

2

Having concluded that Jackson's claims of error are without merit, we affirm the exceptional sentence imposed by the resentencing court.

I

On November 11, 2015, Robert Jackson crashed his vehicle into a large power vault while driving under the influence of alcohol. Lindsay Hill, the passenger in the vehicle, died instantly from "skull fractures and brain avulsion" as a result of the "extremely high speed crash." The vehicle was traveling at nearly 80 miles per hour, significantly higher than the posted 25 mile per hour speed limit, when the collision occurred. Jackson's blood alcohol content was later calculated to have been between .135g/100mL and .22g/100mL. Jackson fled the scene without reporting the collision or seeking medical care for Hill. He evaded police until the next morning, when he "aggressively resisted arrest."

Following a bench trial, Jackson was convicted of vehicular homicide and felony hit and run. The superior court found that these offenses had occurred "shortly after" Jackson's release from incarceration on August 10, 2015. Accordingly, the court determined that, as to both convictions, the aggravating circumstance of rapid recidivism applied. At the time, Jackson had two prior convictions of "most serious offense[s]," including a conviction of second degree robbery. See former RCW 9.94A.030(33) (2016). Based on these prior convictions, the court determined that Jackson was a persistent offender and sentenced him to life imprisonment without parole.

In 2019, our legislature removed the offense of second degree robbery from the list of "most serious offense[s]." LAWS OF 2019, ch. 187. The legislature

No. 84547-1-I/4

thereafter enacted a statute requiring resentencing when an offender has been sentenced as a persistent offender based on a conviction of second degree robbery. RCW 9.94A.647(1).

Jackson's resentencing hearing occurred on September 30, 2022. Based on an offender score of 22, Jackson's standard range sentence for the vehicular homicide conviction was a minimum of 210 to a maximum of 280 months of incarceration. His standard range sentence for the hit and run conviction, based on an offender score of 23, was a minimum of 120 to a maximum of 120 months of incarceration.[2] The State sought an exceptional sentence of 620 months based both on the rapid recidivism finding of the superior court and on Jackson's high offender scores, which, the State argued, would result in the hit and run offense going unpunished if an exceptional sentence was not imposed. See RCW 9.94A.535(3)(t)[3] (rapid recidivism aggravating circumstance); RCW 9.94A.535(2)(c)[4] ("free crimes" aggravating circumstance).

The resentencing court determined that an exceptional sentence was appropriate and imposed a sentence of 400 months of incarceration—the high end of the standard range for each conviction run consecutively. The resentencing court stated that the trial court's finding of rapid recidivism was the basis for the exceptional sentence. The court then stated that an additional basis

---

[2] The maximum sentence for the conviction of hit and run, a class B felony, is a term of 10 years of incarceration. See RCW 9A.20,021(1)(b); RCW 46.52.020(4)(a).

[3] RCW 9.94A.535(3)(t) authorizes the imposition of a sentence above the standard range when "[t]he defendant committed the current offense shortly after being released from incarceration."

[4] RCW 9.94A.535(2)(c) authorizes the imposition of a sentence above the standard range when "[t]he defendant has committed multiple current offenses and the defendant's high offender score results in some of the current offenses going unpunished."

No. 84547-1-I/5

for the exceptional sentence was "that in essence there would be no penalty for the hit-and-run were the . . . sentences not to run consecutive to each other because otherwise it . . . just gets subsumed in the . . . vehicular homicide."

In written findings and conclusions, the resentencing court made findings of both the rapid recidivism and "free crimes" aggravating circumstances. The court found that "unless an exceptional sentence is imposed, some of the current offenses will go unpunished." The court additionally concluded that

> [e]ach one of these aggravating circumstances is a substantial and compelling reason, standing alone, that is sufficient justification for the length of the exceptional sentence imposed. In the event that an appellate court affirms at least one of the substantial and compelling reasons, the length of the sentence should remain the same.

Jackson appeals.

II

Jackson asserts that his exceptional sentence must be reversed because the resentencing court calculated his offender score without conducting a "same criminal conduct" analysis of his prior convictions. We disagree. It is presumed in calculating an offender score that two or more current and all prior offenses are separately counted. Jackson, as the party who would benefit from a finding that his prior offenses encompass the same criminal conduct, has the burden of establishing the facts necessary to support such a finding. Because he did not attempt to meet that burden, Jackson cannot demonstrate error by the resentencing court in counting separately his myriad prior convictions. Indeed, in

5

calculating Jackson's offender score, the resentencing court both ruled consistent with and gave effect to the presumption set forth in the SRA.

In nevertheless asserting that RCW 9.94A.525(5)(a)(i) requires a sentencing court to sua sponte perform a "same criminal conduct" analysis of prior offenses before calculating an offender score, Jackson misapprehends the pertinent sentencing scheme. Moreover, the decisional authority on which Jackson relies does not compel the interpretation of the statutory language that he seeks. The resentencing court did not err by ruling in accordance with the presumption that prior offenses are counted separately in calculating an offender score.

A

We will reverse an exceptional sentence only upon determining "[e]ither that the reasons supplied by the sentencing court are not supported by the record which was before the judge or that those reasons do not justify a sentence outside the standard sentence range for that offense" or "that the sentence imposed was clearly excessive or clearly too lenient." RCW 9.94A.585(4). Interpretation of the SRA, chapter 9.94A RCW, is a question of law that we review de novo. State v. Jones, 172 Wn.2d 236, 242, 257 P.3d 616 (2011). "Only an illegal or erroneous sentence is reviewable for the first time on appeal." State v. Nitsch, 100 Wn. App. 512, 523, 997 P.2d 1000 (2000).

A sentencing court must determine the standard range sentence by calculating an offender score in accordance with the SRA. RCW 9.94A.525; see RCW 9.94A.510, .530. Our legislature has directed that "whenever a person is to

be sentenced for two or more current offenses, the sentence range for each current offense shall be determined by using all other current and prior convictions as if they were prior convictions for the purpose of the offender score." RCW 9.94A.589(1)(a). Current offenses may be counted as one crime only "if the court enters a finding that some or all of the current offenses encompass the same criminal conduct." RCW 9.94A.589(1)(a). Thus, extant in the sentencing scheme of the SRA is a presumption that two or more current offenses and all prior offenses are counted separately in calculating an offender score. In re Pers. Restraint of Markel, 154 Wn.2d 262, 274, 111 P.3d 249 (2005) ("Under this sentencing scheme, a 'same criminal conduct' finding is an exception to the default rule that all convictions must count separately."); State v. Lopez, 142 Wn. App. 341, 351, 174 P.3d 1216 (2007) ("In determining a defendant's offender score under the [SRA], two or more current offenses and prior offenses are presumed to count separately unless the trial court finds that the current offenses encompass the same criminal conduct."). It is only when the sentencing court finds that the offenses are sufficiently similar that two or more offenses may be counted as one crime.[5]

The SRA additionally sets forth the circumstances in which multiple prior convictions, which are presumed to count separately in calculating an offender score, will be counted as one offense. RCW 9.94A.525(5)(a)(i). It provides that

---

[5] "'Same criminal conduct' . . . means two or more crimes that require the same criminal intent, are committed at the same time and place, and involve the same victim." RCW 9.94A.589(1)(a).

7

No. 84547-1-I/8

> [p]rior offenses which were found, under RCW 9.94A.589(1)(a), to encompass the same criminal conduct, shall be counted as one offense, the offense that yields the highest offender score. The current sentencing court shall determine with respect to other prior adult offenses for which sentences were served concurrently or prior juvenile offenses for which sentences were served consecutively, whether those offenses shall be counted as one offense or as separate offenses using the "same criminal conduct" analysis found in RCW 9.94A.589(1)(a), and if the court finds that they shall be counted as one offense, then the offense that yields the highest offender score shall be used.

RCW 9.94A.525(5)(a)(i). When a defendant has argued to the sentencing court that certain of his prior convictions encompass the same criminal conduct, we have held that the sentencing court "*must* apply the same criminal conduct test to multiple prior convictions that a court has not already concluded amount to the same criminal conduct. RCW 9.94A.525(5)(a)(i). The court has no discretion on this." State v. Torngren, 147 Wn. App. 556, 563, 196 P.3d 742 (2008), abrogated on other grounds by State v. Aldana Graciano, 176 Wn.2d 531, 539, 295 P.3d 219 (2013).

Here, Jackson contends that, even when a defendant *does not* assert in the sentencing court that prior convictions encompass the same criminal conduct, the court is nevertheless required to conduct a "same criminal conduct" analysis. This is so, he asserts, due to the prescriptive language in the statute, which provides that the "current sentencing court *shall* determine" whether certain prior offenses are counted as one offense or separate offenses. RCW 9.94A.525(5)(a)(i) (emphasis added). Jackson is incorrect.

Significantly, Jackson bore the burden to establish in the resentencing court that any of his prior convictions encompassed the same criminal conduct.

8

No. 84547-1-I/9

This is because "[t]he burden is on a moving party to come forward with sufficient facts to warrant the exercise of discretion in his or her favor." State v. Hoffman, 116 Wn.2d 51, 74, 804 P.2d 577 (1991). Thus, during sentencing, the State bears the burden to prove the existence of prior convictions. Aldana Graciano, 176 Wn.2d at 539. The existence of such convictions favors the State by increasing the offender score. Aldana Graciano, 176 Wn.2d at 539. "In contrast, a 'same criminal conduct' finding favors the defendant by lowering the offender score below the *presumed* score." Aldana Graciano, 176 Wn.2d at 539. Accordingly, the burden is on the defendant to establish that the offenses encompass the same criminal conduct. Aldana Graciano, 176 Wn.2d at 539. "The [sentencing] scheme—and the burden—could not be more straightforward: each of a defendant's convictions counts toward his offender score *unless* he convinces the court that they involved the same criminal intent, time, place, and victim." Aldana Graciano, 176 Wn.2d at 540.

Jackson made no attempt to meet this burden. Rather, he failed to identify any factual dispute regarding whether his prior offenses constituted the same criminal conduct and, thus, failed to request that the resentencing court exercise its discretion on this basis.

However, Jackson now asserts that, by not sua sponte conducting a "same criminal conduct" analysis, the resentencing court improperly calculated his offender score. This is not so. The resentencing court's offender score calculation is an "implicit rejection" of the notion that any of Jackson's prior offenses encompassed the same criminal conduct. Nitsch, 100 Wn. App. at 525.

9

In calculating Jackson's offender score, the resentencing court ruled consistent with—and gave effect to—the SRA's presumption that two or more current offenses and all prior offenses are counted separately in offender score computation. RCW 9.94A.525(5)(a)(i), .589(1)(a). When a defendant has not sought to overcome the SRA's presumption that offenses are counted separately, the sentencing court meets its obligation pursuant to the SRA by giving credence to that presumption. The resentencing court did so here. There was no error.

B

Our conclusion is consistent with decisional authority addressing this question in the context of *current* convictions. Pursuant to that authority, a defendant may not assert for the first time on appeal that a sentencing court erred by not considering whether two or more current convictions encompass the same criminal conduct. In re Pers. Restraint of Shale, 160 Wn.2d 489, 494, 158 P.3d 588 (2007); Nitsch, 100 Wn. App. at 519.

In Nitsch, the defendant asserted for the first time on appeal that his offender score had been improperly calculated because the sentencing court had not sua sponte considered whether his two convictions encompassed the same criminal conduct. 100 Wn. App. at 518-19, 520. We acknowledged that illegal or erroneous sentences may be challenged for the first time on appeal. Nitsch, 100 Wn. App. at 523. We explained, however, that the issue was not one of "pure calculation error," but of a failure, by the defendant, "to identify a factual dispute

No. 84547-1-I/11

for the [sentencing] court's resolution and a failure to request an exercise of the court's discretion." Nitsch, 100 Wn. App. at 520.

In declining to consider the claim of error for the first time on appeal, we explained that

> the effect of permitting [such] review . . . is to require sentencing courts to search the record to ensure the absence of an issue not raised. In the same criminal conduct context, such a search requires not just a review of the evidence to support the State's calculation, or a review to ensure application of the correct legal rules, but an examination of the underlying factual context in every sentencing involving multiple crimes committed at the same time. Because this is not the legislature's directive, the trial court's failure to conduct such a review sua sponte cannot result in a sentence that is illegal. The trial court thus should not be required, without invitation, to identify the presence or absence of the issue and rule thereon.

Nitsch, 100 Wn. App. at 524.[6]

Our Supreme Court thereafter adopted this reasoning. See Shale, 160 Wn.2d at 495-96. There, the defendant had agreed to the offender scores as part of his plea bargain and had not challenged the offender score computations. Shale, 160 Wn.2d at 495. On appeal, our Supreme Court recognized that, although a defendant cannot agree to punishment resulting from a miscalculated

---

[6] In a decision predating Nitsch, our court, without explanation, reviewed an unpreserved assertion that the sentencing court erred by not considering whether two current offenses encompassed the same criminal conduct. See State v. Anderson, 92 Wn. App. 54, 960 P.2d 975 (1998). In Nitsch, we distinguished the decision in Anderson on the basis that, in that case, the defendant had not affirmatively acknowledged his standard range sentence. 100 Wn. App. at 521-22. We noted in Nitsch that, in contrast to Anderson, the defendant there had "affirmatively alleged" his standard range sentence in a presentence report, thus implicitly admitting to the offender score calculated by separately counting the offenses. 100 Wn. App. at 522.

Here, as in Nitsch, Jackson filed a presentence report admitting to the standard range sentences applicable based on the offender scores calculated by the resentencing court. Such affirmative assent, however, is not a basis for our holding. Assent to an offender score may evidence that the defendant did not attempt to meet the burden to establish that offenses encompass the same criminal conduct. However, the absence of such assent does not demonstrate that the defendant met that burden.

offender score, "waiver *can be found* where the alleged error involves an agreement to facts, later disputed, or where the alleged error involves a matter of trial court discretion." Shale, 160 Wn.2d at 494 (citing In re Pers. Restraint of Goodwin, 146 Wn.2d 861, 873, 50 P.3d 618 (2002)). The court reasoned that the defendant had "failed to ask the court to make a discretionary call of any factual dispute regarding the issue of 'same criminal conduct' and . . . did not contest the issue at the trial level." Shale, 160 Wn.2d at 496. Accordingly, the court held, the defendant's offender scores were not subject to challenge on appeal on that basis. Shale, 160 Wn.2d at 496.

Jackson does not address this authority. He does assert, though, that it is the statutory language of RCW 9.94A.525(5)(a)(i)—which pertains to the calculation of offender scores based on *prior* offenses—that requires a sentencing court to sua sponte conduct a "same criminal conduct" analysis. However, whether an offender score is calculated based on two or more current offenses or based on prior offenses, the burden remains with the defendant to establish that any such offenses should be counted as one crime. In either circumstance, a "same criminal conduct" finding benefits the defendant by reducing the presumed offender score. Aldana Graciano, 176 Wn.2d at 539. Thus, in either circumstance, "it is the defendant who must establish [that] the crimes constitute the same criminal conduct." Aldana Graciano, 176 Wn.2d at 539.

Accordingly, the reasoning set forth in Shale, 160 Wn.2d 489, and Nitsch, 100 Wn. App. 512, is applicable here. That the sentencing court "shall" conduct

12

a "same criminal conduct" analysis regarding certain prior offenses, RCW 9.94A.525(5)(a)(i), does not relieve the defendant of the burden to identify a factual dispute regarding "same criminal conduct" and to request an exercise of the sentencing court's discretion. Rather, the statute requires that, *when the defendant meets that burden*, the sentencing court must conduct the specified analysis. See Torngren, 147 Wn. App. at 563 (holding that the sentencing court "has no discretion" to conduct a "same criminal conduct" analysis *when the defendant had asserted in the sentencing court* that certain prior convictions encompassed the same criminal conduct). On the other hand, when the defendant does not attempt to meet that burden, the sentencing court does not err by calculating the offender score in accordance with the statutory presumption that offenses are counted separately. We no more expect the sentencing court to meet the defendant's burden to establish "same criminal conduct" than we expect the court to meet the State's burden to prove the existence of prior offenses. The sentencing court is neither the defendant's nor the State's attorney.

Jackson urges us to remand to the superior court with instructions to conduct the very analysis that, if he believed his prior convictions encompassed the same criminal conduct, he was required to ask the court to perform on resentencing. Jackson bore the burden to request that the resentencing court exercise its discretion in the first instance. He did not do so. As our courts have previously held, Jackson—having failed to request that the court exercise its discretion to conduct a "same criminal conduct" analysis at sentencing—cannot

13

now challenge the calculation of his offender score on that basis.[7]  Shale, 160

Wn.2d at 496; Nitsch, 100 Wn. App. at 524.

C

We further note that the decisional authority on which Jackson relies does

not support his claim of error.  See State v. Williams, 176 Wn. App. 138, 307

P.3d 819 (2013), affirmed, 181 Wn.2d 795, 336 P.3d 1152 (2014); Torngren, 147

Wn. App. 556; State v. Reinhart, 77 Wn. App. 454, 891 P.2d 735 (1995).

In Reinhart, the sentencing court believed that it was bound by a previous

sentencing court's determination that three prior offenses did not encompass the

same criminal conduct.  77 Wn. App. at 457.  The court thus counted the

offenses separately in calculating the defendant's offender score.  Reinhart, 77

Wn. App. at 457.  Division Two of this court concluded that the pertinent statutory

language—which stated that the "'*current sentencing court shall*'" determine

whether the offenses encompassed the same criminal conduct—required the

sentencing court to conduct an independent assessment.  Reinhart, 77 Wn. App.

at 458-59 (quoting former RCW 9.94A.360(6)(a) (1999)).  Based on this legal

error, the court remanded to the sentencing court to conduct its own analysis.

Reinhart, 77 Wn. App. at 459.  Here, Jackson does not assert a legal error in

---

[7] This holding is consistent with decisional authority permitting a defendant to assert for the first time on appeal that an out-of-state conviction was improperly included in calculating an offender score.  See State v. Lucero, 168 Wn.2d 785, 230 P.3d 165 (2010).  The pertinent distinction is which party bears the burden of proof.  As we have discussed, the State bears the burden to prove the existence of prior convictions, while the defendant bears the burden to prove that specific convictions encompass the same criminal conduct.  Aldana Graciano, 176 Wn.2d at 539.  Thus, while a defendant may challenge for the first time on appeal the inclusion of an out-of-state conviction in calculating an offender score, Lucero, 168 Wn.2d at 788-89, the defendant cannot challenge for the first time on appeal an offender score calculated consistent with the presumption that offenses are counted separately.

calculating his offender score. See Goodwin, 146 Wn.2d at 874 (recognizing that "[w]hile waiver does not apply where the alleged sentencing error is a *legal error* leading to an excessive sentence, waiver can be found . . . where the alleged error involves a matter of trial court discretion"). Rather, Jackson asserts that the resentencing court was required to sua sponte conduct a "same criminal conduct" analysis, notwithstanding that he neither "identif[ied] a factual dispute for the court's resolution [nor] . . . request[ed] an exercise of the court's discretion." Nitsch, 100 Wn. App. at 520. Accordingly, Jackson's reliance on Reinhart is unavailing.

The same is true of his reliance on Torngren, in which Division Three of this court pronounced that a sentencing court "*must* apply the same criminal conduct test to multiple prior convictions that a court has not already concluded amount to the same criminal conduct." 147 Wn. App. at 563 (citing RCW 9.94A.525(5)(a)(i)). There, the defendant asserted that the sentencing court "had to consider whether prior convictions constitute the same criminal conduct." Torngren, 147 Wn. App. at 562. Implicit in this assertion, it appears, was the defendant's belief that the court had not conducted such an analysis, as the court had stated that the convictions "'did not merge.'" Torngren, 147 Wn. App. at 563. Division Three concluded, however, that the sentencing court *had* conducted a "same criminal conduct" analysis, notwithstanding the merger language employed by the court. Torngren, 147 Wn. App. at 563. The court upheld the sentencing court's determination that the convictions did not encompass the same criminal conduct. Torngren, 147 Wn. App. at 565. Torngren does not

15

No. 84547-1-I/16

support Jackson's assertion that a sentencing court is required to sua sponte conduct such an analysis.

Jackson's reliance on Division Three's decision in Williams, 176 Wn. App. 138, is similarly misplaced. There, the defendant challenged the sentencing court's decision to count his prior burglary and robbery convictions separately in calculating his offender score. Williams, 176 Wn. App. at 139-40. The defendant did not, however, assert that the sentencing court was required to sua sponte conduct a "same criminal conduct" analysis. Rather, the defendant asserted that the court had erred as a matter of law by applying "the burglary antimerger statute to the exclusion of the same criminal conduct test." Williams, 176 Wn. App. at 140. Division Three agreed, holding that "the burglary antimerger statute's plain language applies solely to current offenses before a current sentencing court." Williams, 176 Wn. App. at 143. The court concluded that the sentencing court had "applied the wrong legal standard" and, thus, had abused its discretion. Williams, 176 Wn. App. at 144. The court determined that, because the prior sentencing court had imposed concurrent sentences for the pertinent offenses, "the current sentencing court needed to apply the same criminal conduct test." Williams, 176 Wn. App. at 142.[8]

---

[8] In dissent, Judge Korsmo concluded that there was "no need to discuss the burglary antimerger statute and its application to [the] case," as the defendant had not presented argument in the sentencing court suggesting that the offenses satisfied the "same criminal conduct" standard. Williams, 176 Wn. App. at 145-46 (Korsmo, C.J., dissenting). Thus, Judge Korsmo would have affirmed the sentence "for the simple reason that [the defendant] never attempted to meet his burden" of establishing that the offenses encompass the same criminal conduct. Williams, 176 Wn. App. at 146.

16

No. 84547-1-I/17

Our Supreme Court affirmed Division Three's decision, defining the issue presented as "whether sentencing courts have discretion to count prior convictions separately under the burglary antimerger statute notwithstanding a finding that they encompass the same criminal conduct under the SRA." State v. Williams, 181 Wn.2d 795, 796, 336 P.3d 1152 (2014). The court determined that the legislature had not "intended the burglary antimerger statute to supersede the SRA's more recent directive that prior convictions encompassing the same criminal conduct 'shall be counted as one offense.'" Williams, 181 Wn.2d at 801 (quoting RCW 9.94A.525(5)(a)(i)). Thus, the court held "that the burglary antimerger statute does not obviate the need for a sentencing court to examine whether prior convictions constitute the same criminal conduct under RCW 9.94A.525(5)(a)." Williams, 181 Wn.2d at 801.

Neither our Supreme Court nor the Court of Appeals addressed in Williams the issue presented here—whether a defendant may challenge on appeal the sentencing court's calculation of an offender score in accordance with the presumption that offenses count separately, when the defendant never requested that the sentencing court exercise its discretion to conduct a "same criminal conduct" analysis. Indeed, significantly, our Supreme Court indicated that the defendant in Williams had "debated the accuracy of the State's [offender score] calculation" in the sentencing court, "insist[ing] that his [prior] robbery and burglary convictions count[ed] as a single offense." Williams, 181 Wn.2d at 797. In short, the decisional authority cited by Jackson does not support his contention

17

that RCW 9.94A.525(5)(a)(i) compels a sentencing court to sua sponte conduct a "same criminal conduct" analysis prior to calculating an offender score.

Our legislature has directed that, in calculating an offender score, two or more current offenses and all prior offenses are presumed to count separately. Only when a sentencing court determines that such offenses constitute the same criminal conduct may they be counted as a single crime. Jackson, as the party who would benefit from such a finding, had the burden to establish that any of his offenses should be so counted. He did not do so. When a defendant has not sought to overcome the presumption that offenses are counted separately in calculating an offender score, the sentencing court meets its obligation by giving credence to that presumption. Here, the resentencing court did so. There was no error.

III

Jackson next asserts that RCW 9.94A.535(3)(t), which establishes as an aggravating circumstance the commission of an offense "shortly after" release from incarceration, is unconstitutionally vague as applied to the facts of his case. We disagree. A person of reasonable understanding would not have to guess that reoffending only three months after release from incarceration, as Jackson did, qualifies as commission of an offense "shortly after being released from incarceration." RCW 9.94A.535(3)(t). Accordingly, the rapid recidivism

No. 84547-1-I/19

aggravating factor is not unconstitutionally vague as applied to the circumstances presented here.[9]

We review de novo a challenge to the constitutionality of a statute. State v. Zigan, 166 Wn. App. 597, 603, 270 P.3d 625 (2012). "Vagueness challenges to enactments which do not involve First Amendment rights are to be evaluated in light of the particular facts of each case." City of Spokane v. Douglass, 115 Wn.2d 171, 182, 795 P.2d 693 (1990). Statutes are presumed to be constitutional, "and the party challenging a statute's constitutionality has the burden of proving otherwise beyond a reasonable doubt." In re Pers. Restraint of McNeil, 181 Wn.2d 582, 590, 334 P.3d 548 (2014).

"The due process clause of the Fourteenth Amendment requires that citizens be afforded fair warning of proscribed conduct." Douglass, 115 Wn.2d at 178. "A statute is unconstitutionally vague if (1) 'it fails to define the offense with sufficient precision that a person of ordinary intelligence can understand it,' or (2) 'it does not provide standards sufficiently specific to prevent arbitrary enforcement.'" State v. Murray, 190 Wn.2d 727, 736, 416 P.3d 1225 (2018) (internal quotation marks omitted) (quoting State v. Duncalf, 177 Wn.2d 289, 296-97, 300 P.3d 352 (2013)). To comport with due process, a statute need not

---

[9] We note that this claim of error is a nonissue pursuant to State v. Baldwin, 150 Wn.2d 448, 458, 78 P.3d 1005 (2003). There, our Supreme Court explained that sentencing guideline statutes, including those allowing for exceptional sentences, "do not define conduct nor do they allow for arbitrary arrest and criminal prosecution by the State." Baldwin, 150 Wn.2d at 459. Thus, the court held that "the due process considerations that underlie the void-for-vagueness doctrine have no application in the context of sentencing guidelines." Baldwin, 150 Wn.2d at 459. Although we assume that Baldwin remains good authority, the State does not rely on it here. Accordingly, we do not address it further. The Supreme Court might do well by clarifying Baldwin's precedential status. See State v. Gore, 101 Wn.2d 481, 487, 681 P.2d 227 (1984).

19

enable an individual "to predict with complete certainty the exact point at which his or her actions would qualify as prohibited." Murray, 190 Wn.2d at 736. Rather, "[t]he test for vagueness is whether a person of reasonable understanding is required to guess at the meaning of the statute." Duncalf, 177 Wn.2d at 297.

Pursuant to RCW 9.94A.535(3)(t), a sentencing court may impose an aggravated exceptional sentence based on a finding that "[t]he defendant committed the current offense shortly after being released from incarceration." The term "shortly after" is nowhere defined in the statute. "When a statute does not define terms alleged to be unconstitutionally vague, we 'may look to existing law, ordinary usage, and the general purpose of the statute to determine whether the statute meets constitutional requirements of clarity.'" State v. Williams, 159 Wn. App. 298, 319, 244 P.3d 1018 (2011) (internal quotation marks omitted) (quoting State v. Hunt, 75 Wn. App. 795, 801, 880 P.2d 96 (1994)). In Murray, our Supreme Court relied on the dictionary definitions of "short" and "shortly" to determine whether the rapid recidivism aggravator was unconstitutionally vague as applied to the circumstances presented therein. 190 Wn.2d at 737. "Short" means "not extended in time," while "shortly" is defined as "in a short time: PRESENTLY, SOON." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 2102, 2103 (2002). See also Murray, 190 Wn.2d at 737.

In Zigan, Division Three of this court addressed whether the rapid recidivism aggravator was unconstitutionally vague as applied when the defendant had reoffended "just over two months" after his release from

20

incarceration. 166 Wn. App. at 605. The court reasoned that, although the statute "requires some subjective evaluation," a "law that requires subjective evaluation to determine whether the enactment has been violated does not mean the law is unconstitutional." Zigan, 166 Wn. App. at 605. The court concluded that "[n]o reasonable person could believe that the circumstances presented [t]here constitute[d] anything other than '[t]he defendant committed the current offense shortly after being released from incarceration.'" Zigan, 166 Wn. App. at 605 (last alteration in original) (quoting RCW 9.94A.535(3)(t)).

Here, Jackson committed the current offenses on November 11, 2015, after being released from incarceration on August 10, 2015—a period of 93 days. At his initial sentencing, the superior court found that the offenses were committed "shortly after his release from incarceration" and, thus, applied the rapid recidivism aggravator. The resentencing court imposed an exceptional sentence based, in part, on the rapid recidivism aggravator found at trial. Now, on appeal, Jackson contends that the rapid recidivism aggravator is void for vagueness as applied to his case. However, he nowhere explains why this is so. Rather, Jackson simply asserts that, other than the statutory language of the aggravator itself, "[n]o further guidance is given."[10]

However, a statute is not unconstitutional simply because an individual cannot "predict with complete certainty the exact point at which his or her actions would qualify as prohibited." Murray, 190 Wn.2d at 736; see also Zigan, 166 Wn. App. at 605 (recognizing that a law is not unconstitutionally vague because it

---

[10] Br. of Appellant at 22.

21

No. 84547-1-I/22

"requires subjective evaluation to determine whether [it] has been violated").

Moreover, it is Jackson's burden to demonstrate that, as applied to his case,

RCW 9.94A.535(3)(t) is unconstitutional beyond a reasonable doubt.  See

McNeil, 181 Wn.2d at 590.  To do so, Jackson must demonstrate that a person of

reasonable understanding would have to guess that reoffending 93 days after

release from incarceration would subject the defendant to an exceptional

sentence pursuant to RCW 9.94A.535(3)(t).  See Duncalf, 177 Wn.2d at 297.

Jackson has not done so.  Accordingly, the rapid recidivism aggravator is not

unconstitutionally vague as applied to his case.

IV

Jackson further asserts that there was insufficient evidence of rapid

recidivism for the resentencing court to find this aggravator proved.  Again, we

disagree.  Similarity of the current and prior offenses is not necessary for a rapid

recidivism finding.  Rather, the gravamen of the aggravator is disdain for the law.

Here, a rational fact finder could conclude that Jackson demonstrated disdain for

the law by committing the current offenses "shortly after" his release from

incarceration.  Accordingly, sufficient evidence supports the rapid recidivism

finding.

"The test for determining the sufficiency of the evidence is whether, after

viewing the evidence in the light most favorable to the State, any rational trier of

fact could have found guilt beyond a reasonable doubt."  State v. Salinas, 119

Wn.2d 192, 201, 829 P.2d 1068 (1992); see also State v. Gordon, 172 Wn.2d

671, 680, 260 P.3d 884 (2011) (applying the sufficiency of the evidence test in

22

No. 84547-1-I/23

the context of a challenge to an aggravating factor).  The "rapid recidivism"

aggravating circumstance authorizes a sentencing court to impose an

aggravated exceptional sentence based on a finding that "[t]he defendant

committed the current offense shortly after being released from incarceration."

RCW 9.94A.535(3)(t).  The "gravamen" of the rapid recidivism aggravator is a

"disdain for the law" that renders the defendant particularly culpable in

committing the current offense.  State v. Combs, 156 Wn. App. 502, 506, 232

P.3d 1179 (2010) (citing State v. Butler, 75 Wn. App. 47, 54, 876 P.2d 481

(1994)).

Jackson asserts that the State presented insufficient evidence of the rapid

recidivism aggravator because he committed "impulse crime[s]" that are

unrelated to his prior offenses.[11]  According to Jackson, this indicates that the

commission of the current offenses "did not reflect a demonstrable, repeat

disdain for the laws governing driving while intoxicated or hit and run."[12]

However, in committing the current offense, the defendant need not demonstrate

disdain for a *specific law* to support a finding of rapid recidivism—RCW

9.94A.535(3)(t) "does not require a connection between the offenses."  Combs,

156 Wn. App. at 506.  Rather, any similarities between the current and prior

offenses are "simply additional evidence of disregard for the law."  Combs, 156

Wn. App. at 506.

---

[11] Br. of Appellant at 17.
[12] Br. of Appellant at 15.

23

Here, Jackson committed offenses while highly intoxicated that resulted in the violent death of another person. He then sought to avoid accountability by fleeing the scene and aggressively resisting arrest when later discovered. He did so only 93 days after his release from incarceration. Whether Jackson's conduct constituted rapid recidivism is a question for the finder of fact. See RCW 9.94A.535(3) (listing aggravating circumstances that must be found by the jury). Plainly, some rational fact finders could conclude that Jackson committed the current offenses "shortly after" his release from incarceration, and that such conduct evidenced disdain for the law, rendering Jackson particularly culpable in committing those offenses. Accordingly, sufficient evidence supports the resentencing court's rapid recidivism finding.[13]

Affirmed.

_Dwyer, J._

---

[13] Jackson additionally asserts that reversal of his sentence is necessary if either aggravator found by the resentencing court—the rapid recidivism aggravator or the "free crimes" aggravator—was improper. Because we find no error in the resentencing court's findings of aggravating circumstances, we need not address this contention. However, we note that the resentencing court's written findings and conclusions explicitly state that either of the aggravators alone is sufficient justification for the length of the exceptional sentence imposed.

Jackson also asserts that neither aggravating factor found by the resentencing court is a substantial and compelling basis for an exceptional sentence. See RCW 9.94A.535, .537(6) (authorizing the imposition of an exceptional sentence only if the sentencing court determines that there are substantial and compelling reasons justifying such a sentence). However, the finding of an aggravating circumstance alone provides a sentencing court with a substantial and compelling reason to impose an exceptional sentence. State v. Perry, 6 Wn. App. 2d 544, 556-57, 431 P.3d 543 (2018) (citing Duncalf, 177 Wn.2d at 296). In any event, Jackson's assertion is premised on his claims that insufficient evidence supported the rapid recidivism finding and that the resentencing court was required to sua sponte conduct a "same criminal conduct" analysis. Because the resentencing court did not err in either respect, his assertion is unavailing.

WE CONCUR: